**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DORIS GARCIA-FUNES DE HUITZ; et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4164

Agency Nos.
A220-988-895
A220-988-896

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025[**]

Before:   SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Doris Garcia-Funes de Huitz, and her minor daughter, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioners failed to show any nexus to a protected ground, petitioners also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

As to CAT protection, petitioners do not challenge the agency's determination that they failed to demonstrate a likelihood of future torture in Guatemala by or with the consent or acquiescence of the Guatemalan government, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th

23-4164

Cir. 2013).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**